## State Automobile Mutual Insurance Co. v. Nationwide Mutual Insurance Co.

*Jane Ann Thompson*, for plaintiff.
*Timothy D. Appelbe,* for defendant.

STRASSBURGER, *J.*, December 21, 1984—Plaintiff, State Automobile Mutual Insurance Company (State Auto), brought this action for a declaratory judgment against defendant, Nationwide Mutual Insurance Company (Nationwide), seeking a determination as to which of the two insurance companies is responsible for the payment of loss benefits to an out of state victim of a Pennsylvania automobile accident.

To summarize briefly the facts, as they appear from a stipulation, on October 21, 1981, James P. Prentice (Prentice), a resident of Ohio, was injured in an automobile collision in Industry, Pa. The car he was driving was registered in Ohio to an Ohio resident, Patricia Thomas (Thomas). The insurer of the Thomas automobile was State Auto.

At the time of the accident, Prentice was the owner of the automobile registered in Ohio and insured by Nationwide. The Prentice automobile was at all relevant times located in Ohio.

After the accident, Prentice presented a claim to Nationwide for Pennsylvania no-fault benefits which was denied. Prentice then turned to State Auto which paid him the sum of $31,434.57 for work loss, medical expenses, replacement services and transportation expenses. State Auto also incurred adjusting expenses as of that date in the amount of $681.39. In due course, State Auto made a claim to Nationwide for reimbursement of the sums paid but was refused. This suit followed.

With regard to the entitlement of Prentice to Pennsylvania no-fault benefits, the law is clear that when an out of state victim, whose home state does not have a no-fault plan, is injured in Pennsylvania, he or she is entitled to Pennsylvania no-fault benefits. Toter v. Knight, 278 Pa. Super. 547, 420 A.2d 676 (1980). The question then becomes from which source is Prentice to be compensated.

To begin our inquiry in this matter we must turn to section 204 of the Pennsylvania No-fault Motor Insurance Act of July 19, 1974, P.L. 489, §204, 40 P.S. §1009.204, which sets forth the source of basic restoration benefits. The relevant portions for our purposes are as follows:

"(a) Applicable security. — The security for the payment of basic loss benefits applicable to an injury to:

. . .

(2) an injured is the security under which the victim or deceased victim is unsured;

(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

. . . . ."

Under this section, if Prentice is "an insured", his security, Nationwide, is obligated to provide him with loss benefits. On the other hand, if Prentice is not "an insured", State Auto is obligated for such benefits.

The term "insured" is defined in section 103 of the act, which states in relevant part:

" 'Insured' means:

(A) an individual identified by name as an insured in a contract of basic loss insurance complying with this act; . . . ."

While Prentice is an individual identified by name as an insured, the question remains whether he is an insured in a contract of basic loss insurance complying with the act.

The insurance contract in this case addresses out-of-state situations such as this in the following provision:

"FINANCIAL RESPONSIBILITY If the financial responsibilty law of any state or province requires greater liability limits than those provided by this policy, we will automatically adjust this policy to comply. This policy also will be interpreted to comply with the non-resident requirements of any compulsory motor vehicle law, or similar law, regarding the kinds and limits of coverage provided. However, any loss payment under this extension of limits or coverage will be made only over and above any other collectible motor vehicle insurance. In no case will anyone be entitled to duplicate payments for the same loss."

Thus, the next inquiry must be as to what are the non-resident requirements of the Pennsylvania No-fault Act. This matter is covered in section 104 of the act which states in relevant part:

"(a) Security covering a motor vehicle. Every owner of a motor vehicle which is registered or

which is operated in this Commonwealth by the owner or with his permission, shall continuously provide security covering such motor vehicle while such vehicle is either present or registered in the Commonwealth. . . ."

Clearly an out of state resident is only required to provide security if his or her vehicle is present or registered in Pennsylvania. Prentice does not fit into either category. At all relevant times, his vehicle was physically located in Ohio where it was registered.

While State Auto contends that the case of Greathouse v. Federal Kemper Ins. Co., 13 D.&C. 3d 785 (1980), requires the conclusion that Nationwide is the applicable security, the facts are distinguishable. In Greathouse, the Ohio resident drove his vehicle to Pennsylvania where it remained until after the accident. Based on section 104 of the act, the court determined that since the victim's vehicle was present in Pennsylvania, he was required to maintain security, making his insurer liable for Pennsylvania no-fault benefits.

Here, since Prentice's vehicle was not present in Pennsylvania, he was not required to maintain insurance and cannot be considered "an insured" under the act.

A decision will be entered in favor of defendant, Nationwide against plaintiff, State Auto.


## ORDER OF COURT

And now, this December 21, 1984, it is hereby ordered that this court finds in favor of defendant, Nationwide Mutual Insurance Company and against plaintiff, State Automobile Mutual Insurance Company.